*Lee v. Warner Media, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

LeTicia Lee,

> *Plaintiff-Appellant*,

> v.                                                                    23-8067

Warner Media, LLC, HBO Home Entertainment, Inc., Warner Bros. Worldwide Television Distribution Inc., NBC Universal Television Studio Digital Development LLC, CBS Broadcasting Inc., Grammnet NH Productions,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:               LeTicia Lee, pro se, Rochester, NY.

FOR DEFENDANTS-APPELLEES:               Elizabeth A. McNamara, Meenakshi Krishnan, Davis Wright Tremaine LLP, New York, NY, and Washington, DC.

Appeal from an order of the United States District Court for the Western District of New York (Geraci, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant LeTicia Lee, proceeding pro se, filed suit in New York State court against various television networks, studios, and production companies, alleging copyright infringement. Defendants removed the case to federal court. Lee's amended complaint alleged that Defendants used copyrighted materials for a sitcom titled *Girlfriends*—including character descriptions and story summaries of six episodes, plus a full pilot script titled "Sasha Says"—to create the television shows *Girlfriends*, *Friends*, *Sex and the City*, and *Living Single*.

The district court granted Defendants' motion to dismiss for failure to state a claim, finding no substantial similarity between Lee's copyrighted material and Defendants' shows. *See Lee v. Warner Media, LLC*, No. 23-cv-6025, 2023 WL 8237520 (W.D.N.Y. Nov. 28, 2023). Lee timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.    Standard of Review

"We review the grant of a motion to dismiss *de novo*" and "[i]n evaluating a complaint, the court draws all reasonable inferences in the plaintiff's favor." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022). Because Lee is a pro se litigant, we liberally construe her filings "to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

## II.    Copyright Infringement Claim

A claim of copyright infringement has two elements: "(1) ownership of a valid copyright,

2

and (2) copying of constituent elements of the work that are original." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (internal quotation marks omitted). The second element can be established through pleading that "(1) a defendant had access to the original work; and (2) the defendant's work bears a 'substantial similarity' to the original." *Structured Asset Sales, LLC v. Sheeran*, 120 F.4th 1066, 1078 (2d Cir. 2024) (citation omitted).[1] A district court may dismiss a copyright claim on a motion to dismiss when the complaint and judicially noticeable sources permit the court to conclude that the works are not substantially similar as matter of law. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

As an initial matter, Lee's argument that the district court erred in limiting its review to the pilot episode of each of the allegedly infringing works is forfeited because it is raised for the first time on appeal. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1078 (2d Cir. 2021) (noting the "well-established general rule" that this Court will not consider an issue raised for the first time on appeal). In any event, the district court's decision was reasonable because the amended complaint fails to point to any specific episode of the allegedly infringing works in which protectible material was copied. Lee's argument that the district court should have broadened the scope of the reviewed material is thus meritless.

In evaluating substantial similarity, "the works themselves supersede and control contrary descriptions of them," including "any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Gaito*, 602 F.3d at 64 (cleaned up). We may consider similarities in "the total concept and feel, theme, characters, plot, sequence, pace, and setting," but

---

[1] The district court did not consider whether Defendants had access to Lee's original work. But it was unnecessary to do so in light of the finding that Lee failed to meet the "substantial-similarity" requirement.

3

must look beyond "superficial similarities." *Williams v. Crichton*, 84 F.3d 581, 588-89 (2d Cir. 1996). "[W]e are principally guided by comparing the contested [work's] total concept and overall feel with that of the allegedly infringed work." *Gaito*, 602 F.3d at 66 (cleaned up). Generally, two works are substantially similar when "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Id.* (internal quotation marks omitted). When a work contains both protectible and unprotectible elements, we must "apply a more discerning observer test, which requires substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed [work]." *Abdin*, 971 F.3d at 66 (internal quotation marks omitted).

The district court correctly concluded that there was no substantial similarity as a matter of law between Lee's work and the pilots of *Girlfriends*, *Friends*, *Sex and the City*, and *Living Single*. Many of the similarities that Lee alleges—such as groups of friends living in a city and confronting life challenges—are unprotectible elements. *See Gaito*, 602 F.3d at 68-69 (generalized concepts and ideas are not protected by copyright); *Abdin*, 971 F.3d at 67 (generic or generalized character traits and *scènes à faire* are not protectible elements).[2]

Even if such elements were protectible, Lee's claim would still fail because the allegedly infringing works differ dramatically from Lee's work in content, total concept, and overall feel. *See Sheeran*, 120 F.4th at 1081. As for actual content, Lee has not shown that any of the pilots used names, characteristics, or dialogue from her work. And as for overall concept and feel, the

---

[2] The term *scènes à faire* refers to "sequences of events which necessarily follow from a common theme, and incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic." *Abdin*, 971 F.3d at 67 (cleaned up). For example, "cowboys, bank robbers, and shootouts" are *scènes à faire* in stories about the American West. *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 102 (2d Cir. 2014).

works involve distinct scenarios, sharing only superficial similarities.[3] No lay observer would view the television shows at issue as having been appropriated from Lee's work. Accordingly, the district court properly dismissed the complaint for failure to state a claim.

## III. Forfeited Arguments

Lee's remaining arguments—that Defendants tampered with evidence, violated her Fifth and Fourteenth Amendment rights, intimidated her, and improperly removed the case to federal court—were not raised in the district court and so cannot be raised for the first time on appeal, even by a pro se litigant. *See Green*, 16 F.4th at 1078. And Lee's claims about *And Just Like That* and *Girls* are also not properly raised on appeal, as those shows were not in her amended complaint.

\* \* \*

We have considered Lee's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Lee's work features three women in their late twenties and thirties living together in Brooklyn and pursuing careers in entertainment. But *Friends* follows three men and three women in Manhattan, only some of whom are roommates and none of whom works in entertainment. *Girlfriends* centers on one protagonist, an attorney, living in Los Angeles. *Sex and the City* too has a main character. And *Living Single* spotlights four women and two men, all with different careers.